# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:18-cv-00463-JRG ) |
| v. | ) ) ) |
| GOOGLE LLC, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) ) ) |

**DEFENDANT GOOGLE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(B)(3) AND 28 U.S.C. § 1406**

SIT has failed to meet its burden of showing that venue is proper in this District under the three-factor test of *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Instead, SIT mischaracterizes the law and Google's motion. SIT intimates that the Federal Circuit's mandamus decisions in *SEVEN* "rejected" Google's position that GGC servers cannot establish venue in this District; in fact, the majority declined to address the merits while three dissenting Judges expressed skepticism about the propriety of venue. Next, SIT asserts that Google is not contesting the first factor of *Cray*, the existence of a "physical place," when the motion's core argument is that GGC servers cannot be a "physical place" because they are merely computers or personal property. SIT then misreads *CUPP Cybersecurity, LLC, v. Symantec Corp.*, C.A. No. 3:18-CV-01554, D.I. 53 (N.D. Tex. Dec. 21, 2018) (D.I. 13-2), as inapplicable to GGC servers even though Judge Lynn expressly disagreed with this Court's ruling in *SEVEN*. Finally, SIT misstates the law as unanimously rejecting that § 1400(b)'s two requirements, "acts of infringement" and "regular and established place of business," must be tied together. SIT's repeated mischaracterizations should be rejected and this action should be dismissed for improper venue.

I.  **THE FEDERAL CIRCUIT HAS NOT YET DECIDED WHETHER GGC SERVERS ESTABLISH VENUE UNDER § 1400(B)**

Google's motion acknowledged this Court's decision in *SEVEN* and the Federal Circuit's subsequent denial of Google's mandamus petition. D.I. 13 at 1 (citing *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2018); *In re Google LLC*, No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018)). Contrary to SIT's mischaracterization, the Federal Circuit's majority decision did not "reject" Google's position that GGC servers are not "regular and established places of business" under § 1400(b). D.I. 23 at 2. Rather, the majority declined to address the merits, opting instead "to allow the issue to percolate in the district courts" for the time being and deferring resolution of the merits to a later date. 2018 WL 5536478, at *3. And the

Federal Circuit's order denying rehearing provided no reasoning at all. *In re Google LLC*, 2018-152, 2019 WL 438198 (Fed. Cir. Feb. 5, 2019).

The only analysis of the merits of Google's petition came from **dissents** of Judge Reyna. In his dissent from the decision denying mandamus relief, Judge Reyna concluded that "under *Cray*, Google's servers or the server racks on which the servers are kept may not constitute a 'regular and established place of business'" and opined that this Court's "reading of § 1400(b) may be even more expansive than the district court's reading of the statute that we vacated in *Cray*." *SEVEN*, 2018 WL 5536478, at *5. In his dissent from the decision denying rehearing, Judge Reyna, joined by Judges Newman and Lourie, echoed his concerns that the "district court's holding could essentially reestablish nationwide venue, in conflict with *TC Heartland*, by standing for the proposition that owning and controlling computer hardware involved in some aspect of company business (e.g., transmitting data) alone is sufficient." *SEVEN*, 2019 WL 438198, at *3. Three Federal Circuit Judges are thus on the record expressing skepticism of SIT's theory of venue.

Beyond the merits, Judge Reyna also observed that the issue of whether GGC servers or other equipment could qualify as a "regular and established place of business" had divided district courts. *Id*. at *2. Judge Reyna cited the existing conflict between this Court's decision in *SEVEN* and the decisions in *Personal Audio, LLC v. Google, Inc*., 280 F. Supp. 3d 922 (E.D. Tex. 2017) and *CUPP*, and he also cited decisions of other districts finding venue improper based on computer equipment. 2019 WL 438198, at *2 (citing cases). Judge Reyna also remarked that since the denial of Google's mandamus petition, Google had been sued thirty-four times in this District (which includes this case), making it all the more inevitable that Federal Circuit would soon have to decide whether GGC servers establish venue. *Id*. at *3. Accordingly, while Google respects

2

this Court's decision in *SEVEN*, the Federal Circuit has not yet resolved whether GGC servers qualify as a "regular and established place of business," and Google believes that they do not.

## II. GGC SERVERS ARE NOT REGULAR AND ESTABLISHED PLACES OF BUSINESS OF GOOGLE

SIT wrongly suggests that Google's motion did not "contest the 'physical place' requirement" with respect to GGC servers. D.I. 23 at 5. To the contrary, Google's motion argued that a GGC server is a "piece of hardware or equipment" and therefore personal property, as opposed to real property such as a building. D.I. 13 at 7. Google also cited multiple decisions—including *Cray*—distinguishing between personal property and real property for venue purposes and finding that only real property can qualify as a "physical place." *Id*. In short, a "physical place" of business must be real property staffed by employees or agents of the defendant.[1]

SIT's opposition only highlights the need to distinguish between real and personal property when it asserts that a GGC server is a "physical place" because it is a "physical server occupying a physical space." D.I. 23 at 5. SIT thus defines a "physical space" circularly as anything "occupying physical space." But such a definition would allow ***any*** "physical" object to qualify as a "regular and established place of business." For example, under SIT's broad definition, any device, smartphone, computer, or tangible item owned or sold by a defendant in a district could establish venue over that defendant. SIT's definition contravenes the plain meaning of "regular and established place of business" in § 1400(b) and *Cray*'s description of a "physical place" as a "building or a part of a building . . . from which business is conducted" like a "formal office or store." 871 F.3d at 1362 (quoting dictionary definitions of "place"). Moreover, the GGC servers

---

[1] Indeed, the patent service statute, 28 U.S.C. § 1694, "presumes that a defendant with a 'place of business' in a district will also have 'agents conducting such business' in that district." *Peerless Network, Inc. v. Blitz Telecom Consulting LLC*, 17-CV-1725 (JPO), 2018 WL 1478047, at *4 (S.D.N.Y. Mar. 26, 2018)

are not rendered Google's "places of business" merely because they sit on a shelf. As a matter of plain meaning, "whatever a 'place of business' is, it is not a shelf." *Peerless*, 2018 WL 1478047, at *4-5. Further, as SIT acknowledges, the shelves used to house GGC servers belong to third-party ISPs, not Google. D.I. 1 at 2; D.I. 13 at 5.

SIT's opposition also mischaracterizes Google's motion as failing to show why the comparison between GGC servers to warehouses is inapt. D.I. 23 at 7. Google's motion explained that "unlike the GGC servers, a warehouse is real property staffed by employees of the business." D.I. 13 at 8. This distinction, which SIT never addresses, reinforces Google's fundamental objection to venue based on GGC servers — those servers are computers or personal property that, unlike real property, cannot constitute a "physical place" under *Cray*.

Finally, to distinguish *CUPP*, SIT merely notes that the Symantec servers in *CUPP* were not GGC servers and, thus, *CUPP* does not necessarily apply to GGC servers. D.I. 23 at 6. But *CUPP* plainly rejected the underpinnings of SIT's theory of venue. Judge Lynn expressly addressed the conflict between *SEVEN* and *Personal Audio* in this District and agreed with *Personal Audio*, finding that servers (1) cannot constitute a "physical place" because they are "'hardware,' the physical electronic equipment used to operate the internet" and (2) cannot be used to engage in business because to conclude otherwise would, "[a]s the court found in *Personal Audio* . . . distort the scope of the statute; for example . . . every handheld device sold by Verizon would become a place of business for Verizon." D.I. 13-2 at *4-6.

Similarly here, GGC servers cannot constitute "regular and established places of business" because: (1) they are hardware or personal property, not real property or "physical places"; (2) they are not places of "business" because they merely store and transfer virtual, internet data; and (3) the facilities that hold the GGC servers belong to third party ISPs, not Google.

### III. THE GGC SERVERS ARE NOT TIED TO INFRINGEMENT

It is undisputed that the GGC servers bear no relation to the activities and products that SIT accuses of infringement, namely chips within Pixel smartphones. SIT nonetheless contends that the law does not require any nexus between the two requirements of § 1400(b)'s second prong, "acts of infringement" and "regular and established place of business." D.I. 23 at 10. SIT, however, cites no legal authority to support its contention other than this Court's decision in *SEVEN*. In the mandamus decision in *SEVEN*, which SIT also cites, the Federal Circuit expressly stated that it "dr[e]w no ultimate merits conclusion" on this issue. 2018 WL 5536478, at *3.

SIT also criticizes Google's reliance on two district court decisions, which required a nexus between "acts of infringement" and "regular and established place of business," because they are "more than forty years old." D.I. 23 at 10. But as Google's motion explained, between 1990 and 2017, courts following *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), applied a broad reading of "resides" under § 1400(b)'s first prong, which effectively made irrelevant the issue of whether § 1400(b)'s second prong requirements are tied. D.I. 13 at 9-10. Since *TC Heartland* abrogated *VE Holding* in 2017, the Federal Circuit has not decided this issue. Thus, pre-*VE Holding* decisions remain persuasive authority on this issue.

### IV. VENUE DISCOVERY IS UNNECESSARY

The potential venue discovery requested in SIT's opposition is unnecessary because there are not disputed facts regarding the GGC servers that are material to this motion. Indeed, SIT does not identify any unknown or disputed facts that could affect the outcome of this motion.

### V. CONCLUSION

Because Google does not have a "regular and established place of business" in this District under *TC Heartland* and *Cray*, Google respectfully requests that the Court dismiss this action.

DATED: February 26, 2019

        By */s/ J. Mark Mann*
           J. Mark Mann
           State Bar No. 12926150
           mark@themannfirm.com
           G. Blake Thompson
           State Bar No. 24042033
           blake@themannfirm.com
           MANN | TINDEL | THOMPSON
           300 West Main Street
           Henderson, Texas 75652
           (903) 657-8540
           (903) 657-6003 (fax)

           Darin W. Snyder *(Pro Hac Vice)*
           dsnyder@omm.com
           Luann L. Simmons *(Pro Hac Vice)*
           lsimmons@omm.com
           David S. Almeling *(Pro Hac Vice)*
           dalmeling@omm.com
           Mark Liang *(Pro Hac Vice)*
           mliang@omm.com
           Boris Mindzak *(Pro Hac Vice)*
           bmindzak@omm.com
           Eric Su *(Pro Hac Vice)*
           esu@omm.com
           **O'MELVENY & MYERS LLP**
           Two Embarcadero Center, 28th Floor
           San Francisco, California 94111-3823
           Tel: (415) 984-8700
           Fax: (415) 984-8701

           *Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on February 26, 2019.

*/s/ J. Mark Mann*
**J. Mark Mann**