# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 2:18-cv-00463-JRG<br>JURY TRIAL DEMANDED |

**PLAINTIFF SUPER INTERCONNECT TECHNOLOGIES, LLC'S SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3) AND 28 U.S.C. § 1406**

Google's Reply Brief (Dkt. 25[1], the "Reply") does not dispute that the facts giving rise to venue in this case are identical to those in *SEVEN*,[2] and that this Court found venue to be proper over Google on the same facts. Rather, Google quibbles with SIT's well-pleaded facts and merely re-argues points that this Court, and the Federal Circuit, found unpersuasive. For the reasons discussed in this Sur-Reply, SIT's Opposition (Dkt. No. 23), and *SEVEN*, Google has not demonstrated that SIT failed to meet its venue burden, and the Court should deny Google's Motion.

## I. ARGUMENT

### A. The GGC Servers Establish Venue in this District.

Google repeatedly asserts that the Federal Circuit "declined to address the merits" of Google's mandamus petition. But this is not entirely true. As the majority noted in its decision, "We have nevertheless found mandamus to be available for asserted § 1400(b) violations in certain exceptional circumstances warranting immediate intervention to assure proper judicial administration." *In re Google LLC*, No. 2018-152, 2018 WL 5536478, at *2 (Fed. Cir. Oct. 29, 2018). Google thus had the opportunity to convince the Federal Circuit that venue in this District was an "exceptional circumstance" warranting mandamus. Yet the Federal Circuit majority noted that Google failed to show that such exceptional circumstances were implicated. *Id.*

Google's attempt to paint the Federal Circuit's holding as narrowly as possible does not change the fact that the Federal Circuit had an opportunity, on identical facts, to reverse the result in *SEVEN* but did not do so. Google also spends time quoting from the dissents in the two Federal Circuit cases. But Google does not explain why the views of the minority should somehow be found more persuasive than the majority. In short, Google has presented no reason for anyone to believe that the Federal Circuit would reach the opposite conclusion that this Court did in *SEVEN*

---

[1] All docket citations are to the consolidated case, No. 2:18-cv-463-JRG.
[2] *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2018).

1

if given a third chance to review the *SEVEN* decision. The best Google can do, as it admits in reply, is argue that the "Federal Circuit has not yet decided whether GGC servers establish venue." Even if true (which is debatable), that the Federal Circuit hasn't decided a particular issue is no reason for this court to discard its own well-reasoned findings and now reach the opposite conclusion.

### B. GGC Servers Are A Regular and Established Place of Business of Google.

As discussed in SIT's Opposition and *SEVEN*, both the GGC servers and their locations satisfy the "regular and established place of business" requirement of 28 U.S.C. § 1400(b). Yet Google attempts, improperly, to contest the well-pleaded venue facts alleged by SIT in its Complaint. SIT's Complaint alleges that "[b]oth the server itself and the place of the Google Global Cache server, independently and together, constitute a '***physical place***' and a 'regular and established place of business' of Google." Dkt. No. 1 at ¶ 5.[3] But Google cannot be heard to contest SIT's "physical place" factual averment. "Venue is based on the facts alleged in the well-pleaded complaint." *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996). Cases from this court have found that "[i]f there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, ***deemed to be true***, that establish venue . . . and will resolve any conflicts in the plaintiff's favor." *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006). *See also Elbit Sys. Land v. Hughes Network Sys., LLC,* No. 2:15-CV-37-RWS-RSP, 2016 WL 3675590, at *2 (E.D. Tex. Mar. 30, 2016) ("On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."). Thus, if Google wishes to challenge SIT's well-pleaded facts, it must request an evidentiary hearing with the Court, rather than improperly quibbling with SIT's well-pleaded facts in a Rule 12(b)(3) Motion.

---

[3] Unless otherwise indicated, all emphasis is added and all internal citations and quotation marks are omitted.

Google then argues that the GGC server is like a "piece of hardware or equipment" and thus cannot establish venue. *See* Reply at 3. This Court in *SEVEN* rejected similar arguments from Google because "[t]he 'place' is specifically localized: a physical server occupying a physical space. Not only does Google exercise exclusive control exercised over *the digital aspects of the GGC*, Google exercises exclusive control over the *physical server and the physical space within which the server is located and maintained.*" *SEVEN*, 315 F. Supp. 3d at 951 (emphasis in original). Thus, this Court's analysis was focused on the **exclusive control** that Google possesses over the servers and their physical space. Accordingly, it does not matter, as Google contends, whether the "place of business" is characterized as "real" or "personal" property.

Next, Google argues that SIT mischaracterized Google's position that the GGC servers are not like warehouses. *See* Reply at 4. But this Court did not rely on the "real" vs. "personal" property distinction. Instead, the Court found that "the GGC servers are best characterized as local data warehouses, storing information in local districts to provide Google's users with quick access to the cached data, avoiding the delays associated with distant data retrieval from Google Data Centers. This type of logistical positioning is commonplace for larger corporate interests, especially where prompt delivery is a core aspect of a business strategy." *SEVEN*, 315 F. Supp. 3d at 960-61.  Google's argument that the server space is personal property should be rejected. Google then contends that the *CUPP*[4] decision from the Northern District of Texas "plainly rejected the underpinnings of SIT's theory of venue." Reply at 4. But Google fails to explain why the *CUPP* court would necessarily have found that the **GGC Servers**, as opposed to the servers in *CUPP*, were not a regular and established place of business. Although the *CUPP* court does note the

---

[4] *CUPP Cybersecurity LLC v. Symantec Corp.*, No. 3:18-cv-1554 (N.D. Tex.), Dkt. No. 53 (Exhibit A to Google's Motion).

3

tension between *SEVEN* and *Personal Audio*,[5] and renders its decision using reasoning more similar to *Personal Audio*, Google ignores that this Court also expressly addressed, and criticized, the *Personal Audio* decision in *SEVEN*. *SEVEN*, 315 F. Supp. 3d at 950. Google provides no reason why this Court should supplant its own reasoning with that of its sister court, especially when its own reasoning has already been applied to these identical facts.

### C. Google Does Not Demonstrate That There Must Be A Tie Between "Acts Of Infringement" And The "Regular And Established Place Of Business."

Google's contention that the "acts of infringement" must be tied to a "regular and established place of business" is based on only on two district court cases from 1966 and 1971, respectively.[6] Google further contends that "SIT . . . cites no legal authority to support its contention other than this Court's decision in *SEVEN*." Dkt. No. 25 at 5. But the significance of *SEVEN* compared to Google's two 45+ year-old cases cannot be overstated. After all, *SEVEN* was released last year and dealt with ***identical facts*** to the ones presented here. Google does not explain why two cases in two different district courts that were decided when patent venue law was vastly different should be more persuasive than an opinion of this Court from last year on identical facts.

Had Google closely analyzed *SEVEN*, it would have noticed that there is a Fifth Circuit case decided more recently than either of Google's cited cases that found it was error to "requir[e] a showing that the particular division [of the business] charged with the infringements [*sic*] had a regular and established place of business present in the District." *Gaddis v. Calgon Corp.*, 449 F.2d 1318, 1320 (5th Cir. 1971).[7] *SEVEN* further discusses how the view that the acts of infringement need not be tied to the place of business "is repeated by commentators and case law

---

[5] *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922 (E.D. Tex. 2017).
[6] *Scaramucci v. FMC Corp.*, 258 F. Supp. 598, 602 (W.D. Okla. 1966); *Jeffrey Galion, Inc. v. Joy Mfg. Co.*, 323 F. Supp. 261, 266-67 (N.D. W. Va. 1971).
[7] As this Court noted in *SEVEN*, *Gaddis* is not controlling. But neither are Google's cases. And Google does not explain why its cases are more persuasive than a contrary Fifth Circuit opinion.

4

alike." *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 946 n.17 (E.D. Tex. 2018) (citing, among other things, *Cabot Corp. v. WGM Safety Corp.*, 562 F. Supp. 891, 892 (D. Mass. 1983), which held "I do not read § 1400(b) as requiring that there be some connection between the acts of infringement alleged and the regular and established place of business within this district.").

Google makes a final attempt at obfuscation by claiming that between 1990 and 2017, the Federal Circuit's *VE Holding* decision made this issue "irrelevant." But that would not account for the absence of cases between 1971 and 1990 that adopt the "nexus" requirement. Tellingly, Google omits any district court cases[8] dealing with this issue after *TC Heartland*. Presumably, Google ignores these cases because they reach the opposite result. The choice is therefore whether (1) to follow this Court (in *SEVEN*), two district courts that have opined on this issue since *TC Heartland*, and the Fifth Circuit or (2) to follow two cases from 1966 and 1971. SIT believes that the first course is most prudent, since it accurately describes the current state of the law. Google's argument that there must be some "nexus" requirement between "acts of infringement" and "regular and established place of business" should be rejected.

### D. **Venue Discovery**.

SIT renews its request for venue discovery in the event that the Court desires a more fully-developed factual record to decide the Motion.

## II. **CONCLUSION**

For the foregoing reasons, SIT respectfully requests that the Court find that the GGC servers and their locations satisfy 28 U.S.C. § 1400(b) and deny Google's Motion.

---

[8] *See Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.,* No. CV 17-379-LPS, 2017 WL 3980155, at *20 (D. Del. Sept. 11, 2017) ("The statute does not state that in order for venue to be proper the defendant is to have committed acts of infringement in a district 'arising from' a regular and established place of business in that district."); *Plexxikon Inc. v. Novartis Pharm. Corp.*, 17-CV-04405-HSG, 2017 WL 6389674, at *2 (N.D. Cal. Dec. 7, 2017) (Same).

Dated: March 5, 2019                                  Respectfully submitted,

*/s/ Jeffrey R. Bragalone*_____
Jeffrey R. Bragalone
Texas Bar No. 02855775
T. William Kennedy Jr.
Texas Bar No. 24055771
Brian P. Herrmann
Texas Bar No. 24083174

**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
bkennedy@bcpc-law.com
bherrmann@bcpc-law.com

OF COUNSEL:
Wesley Hill
State Bar No. 24032294
**Ward, Smith & Hill, PLLC**
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
wh@wsfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 5th day of March, 2019.

*/s/ Jeffrey R. Bragalone*_____
Jeffrey R. Bragalone